**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1795-17T2

KENNETH M. JOHNSON,

     Petitioner-Appellant,

v.

NEW JERSEY STATE POLICE,

     Respondent-Respondent.

_____

Argued January 30, 2019 – Decided February 13, 2019

Before Judges Alvarez and Reisner.

On appeal from the New Jersey State Police.

Daniel Louis Grossman argued the cause for appellant.

Erica R. Heyer, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney; Melissa H. Raksa, Assistant Attorney General, of counsel; Erica R. Heyer, on the brief).

PER CURIAM

Appellant Kenneth Johnson appeals from a November 8, 2017 final decision of the Superintendent of the State Police, adopting the initial decision of an administrative law judge, denying appellant's application for a private detective license. We affirm substantially for the reasons stated in the initial decision and the Superintendent's final decision.

On this appeal, appellant raises the following points of argument:

> POINT ONE
>
> NJSP IS ADMINISTRATIVELY ESTOPPED FROM DENYING APPELLANT HIS P.I. LICENSE BECAUSE THE STANDARDS FOR ISSUANCE ARE IDENTICAL.
>
> POINT TWO
>
> THE DECISION WAS ARBITRARY AND CAPRICIOUS.

After reviewing the record, we find that the Superintendent's decision is not arbitrary or capricious and is supported by substantial credible evidence. See Mazza v. Bd. of Trs., Police & Firemen's Ret. Sys., 143 N.J. 22, 25 (1995); Mattia v. Bd. of Trs., Police & Firemen's Ret. Sys., 455 N.J Super. 217, 221 (App. Div. 2018). Appellant's arguments are without sufficient merit to warrant further discussion beyond the following brief comments. R. 2:11-3(e)(1)(E).

Appellant retired from the State Police after admitting, as part of a negotiated settlement of disciplinary charges, that he abused sick time, concealed his misconduct, and committed other related infractions. After he retired, he obtained a license to work as a security officer (a SORA license). However, as the State's witness explained at the administrative hearing, the State Police engage in a much more in-depth investigation when considering an application for a private detective license as opposed to a SORA license.[1] Further, the regulatory requirements pertaining to a private detective license are somewhat different in terms of the applicant's character and background. See N.J.A.C. 13:55-1.11(a)(2) (a private detective license may be denied based on the applicant's "bad moral character, intemperate habits or a bad reputation for truth, honesty and integrity[.]"); N.J.A.C. 13:55A-3.7(a)(7) (a SORA license may be denied based on the applicant's "bad moral character, incompetence, or untrustworthiness[.]"). The investigation for the private investigator license revealed appellant's disciplinary history preceding his retirement from the State Police, and the application was denied based on that history.

---

[1] The SORA license was issued after a routine criminal background investigation. Appellant's qualifications for that license were not the subject of an administrative hearing or other adversarial proceeding.

We conclude that the Superintendent's decision was amply supported by the record and was not arbitrary or capricious. The Superintendent was not estopped from denying the private detective license based on the earlier issuance of the SORA license. Collateral estoppel requires a showing that the "identical" issue was "actually litigated" in a "prior proceeding." Olivieri v. Y.M.F. Carpet, Inc., 186 N.J. 511, 521 (2006). The previous issuance of the SORA license did not meet any of those standards.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION